DOROTHY A. HUFNAGEL ELLIOTT, ADMINISTRATRIX OF THE ESTATE OF JOHN E. HUFNAGEL, DECEASED *v.* STATE OF INDIANA.

[No. 1-375A52. Filed February 26, 1976. Rehearing denied March 31, 1976. Transfer denied August 24, 1976.]

*Gary E. Becker, Zoercher, Becker and Huber,* of Tell City, for appellant.

*Theodore L. Sendak,* Attorney General, *John R. O'Bryan,* Deputy Attorney General, for appellee.

ROBERTSON, C.J.—This is an appeal of a wrongful death action from a judgment on the evidence granted on defendant-appellee's (State) motion at the close of plaintiff-appellant's (Elliott) case.

The undisputed facts are that on November 24, 1971, a hazy day, decedent (Hufnagel) was driving north in Spencer County on State Highway 161, a two lane road approximately 22½ feet wide. Hufnagel was following a truck. As Hufnagel was attempting to pass on the left, the truck was commencing a left turn onto an unmarked county road. The vehicles collided, and Hufnagel's auto caromed into a bridge abutment just beyond the county road. Hufnagel was fatally injured.

Additional undisputed facts are that the elevation of the county road was lower that the highway making it difficult to see by drivers approaching on the highway, that the highway had no pavement markings in the vicinity of the mishap to indicate a no-passing zone, and that there existed no traffic signs to indicate the existence of the county road or to warn of a no-passing zone or the possibility of left turns.

Elliott's complaint alleged negligence by the State for failure to properly design and construct the intersection,

failure to erect and maintain a proper warning sign, light or other device to give the public notice of the intersection, and failure to paint lines on the pavement to indicate a no-passing zone.

Elliott's evidence at trial as to the issue of the State's negligence consisted of photographs of the intersection from various points on Highway 161, motion pictures of the intersection taken from a moving vehicle approaching at various speeds, testimony from the investigating officer and an expert witness in the area of accident reconstruction, and portions of the Indiana Manual on Uniform Traffic Control Devices for streets and highways.

At the conclusion of plaintiff's case, the State moved for and granted a judgment on the evidence, Ind. Rules of Procedure, Trial Rule 50(A)(1), contending that Elliott had offered no evidence nor could there be drawn reasonable inferences to show all the essential elements of negligence.

The standard for granting a motion based upon TR. 50(A)(1) is that a court should not grant a judgment on the evidence motion for a defendant unless there is a total absence of evidence or reasonable inference to be drawn therefrom on at least one essential element of a plaintiff's case. *Mamula* v. *Ford Motor Company* (1971), 150 Ind. App. 179, 275 N.E.2d 849.

Elliott maintains on appeal that she introduced ample evidence on each element of negligence and that such evidence would support a finding of negligence by a jury. It is alleged that the trial court, in reaching its decision, weighed the evidence and that the decision is thus contrary to law as well as contrary to the evidence.

In *Miller* v. *Griesel* (1974), 261 Ind. 604, 308 N.E.2d 701, the Indiana Supreme Court stated:

"In Indiana the tort of negligence is comprised of three elements: (1) a duty on the part of defendant in relation to the plaintiff; (2) failure on the part of defendant to conform its conduct to the requisite standard of care re-

quired by the relationship; and (3) an injury to the plaintiff resulting from that failure."

In *Miller, supra* our Supreme Court also noted that "There are three questions of law to be decided by the trial court concerning these elements before it may submit the case to the jury." Those questions are:

(1) Does the law recognize any obligation on the part of a particular defendant to conform his conduct to a certain standard for the benefit of the plaintiff?

(2) What standard of care will the courts impose on this relationship once a duty is recognized?

(3) Is the evidence introduced by the plaintiff at trial sufficient as a matter of law to enable the jury to find that the plaintiff has established the elements of the cause of action?

As to the first inquiry, we find no absolute duty, imposed by statute, on the State to provide warning signs and striping at the intersection. Nor has it been shown that the State had undertaken a discretionary act and had breached any consequent ministerial duties. *See generally: Board of Commissioners of Delaware County* v. *Briggs* (1975), 167 Ind. App. 96, 337 N.E.2d 852. While we find no specific duty on the part of the State to provide these warning devices, we believe that the State does have a more general duty to exercise reasonable care in the design, construction, and maintenance of its highways for the safety of public users. The first inquiry then is answered in the affirmative.

In response to the second inquiry, the standard of care is that which would be exercised by an ordinary prudent person under the circumstances. *Miller, supra.*

The third inquiry is the heart of Elliott's appeal. While it is true that the trial court was not entitled to *weigh* the

evidence, that court had a responsibility to determine whether the evidence presented was *sufficient* as a matter of law to enable the jury to find that the plaintiff had established the elements of negligence, regardless of any improbability of recovery based on such evidence.

There is an ever-present danger that a trial court, in attempting to determine sufficiency, will unintentionally violate the gossamer boundary and trespass into the realm of weight of the evidence. On appeal, this court is unable to trace the mental steps of the trial court but must, instead, make our own way through only the evidence favorable to the non-moving party. Error will be found only when our path leads to a result differing from that of the trial court.

In the case at bar, having found that a duty exists, we conclude that the photographs, motion pictures, traffic control devices manual, and the testimony of the investigating officer and expert witness which were offered by Elliott, and the reasonable inferences to be drawn therefrom, are of sufficient probative value that a jury might find that the plaintiff has established the elements of negligence. Thus, the third inquiry is answered in the affirmative.

Therefore, the decision of the trial court is reversed and the cause is remanded for further proceedings.

Lowdermilk and Lybrook, JJ., concur.

NOTE.—Reported at 342 N.E. 674.