Melvin P. GRAD, Robert H. Ahr and Capri Builders, Inc., Appellants-Defendants Below,

v.

Perry W. CROSS and Sybil S. Cross, Appellees-Plaintiffs Below.

No. 1–1178A314.

Court of Appeals of Indiana, First District.

Oct. 29, 1979.

Bobby Jay Small, Indianapolis, Rex McCoy, McCoy & Husmann, Union City, for appellants-defendants.

John T. Cook and Peter D. Haviza, Winchester, Perry W. Cross and P. Gregory Cross, Muncie, for appellees-plaintiffs.

ROBERTSON, Judge.

Melvin P. Grad, Robert H. Ahr, and Capri Builders, Inc. appeal from a decision in a jury trial that awarded compensatory and punitive damages to Perry W. and Sybil S. Cross (Cross). The jury awarded compensatory damages against Grad, Ahr, and Capri in the amount of $11,250, and punitive damages against Ahr and Capri in the amount of $30,000. The compensatory damage award is not challenged in this appeal. Ahr and Capri Builders (hereinafter collectively referred to as Capri) raise certain questions, however, concerning the tender of two instructions regarding punitive damages, whether the evidence supported the award of punitive damages, and whether the amount of punitive damages was excessive. Finding no error in the proceedings below, we affirm.

In reviewing the evidence most favorable to Cross, the record reveals that Cross owned real estate adjoining land owned by Capri. The Cross-Capri common boundary was a straight line running at an approximate 4.5 degree angle in a slight northeasterly direction from the Cross' west boundary for approximately 457 feet. Located

along the southern part of the Cross property was a wall-fence-gate line, that like the boundary line, began at the Cross' west boundary and ran to the east boundary line. The fence began at the west side common boundary point of the Cross-Capri property line, and proceeded in a northeasterly direction to the east boundary of the Cross property. The fence however, did not follow the property line, but rather deviated to the north at various depths ranging from a few feet, to over twenty two feet. It is this area, between the fence line and the common boundary, that is the subject matter of this suit.

■ Capri has argued in its brief that this court should reverse the punitive damage award based upon the rule established in *Taber v. Hutson*, (1854) 5 Ind. 322, to the effect that punitive damages cannot be assessed against defendants whose acts constituted crimes as well as torts. Capri did not make a specific objection nor tender an appropriate instruction to the trial court. The issue was first raised in their motion to correct errors. The trial court was entitled to have the specific errors in the tendered instructions set out by the defendant, so that the trial court could make the necessary corrections before submitting them to the jury. *Scott v. Krueger et al.*, (1972) 151 Ind.App. 479, 280 N.E.2d 336. Therefore, since this objection was not made prior to final instructions, Capri has not properly preserved an issue for our review. Ind. Rules of Procedure, Trial Rule 51.

■ In regard to those issues properly preserved for our review, we first consider whether the evidence supported the award of punitive damages and if that award was excessive. An award of punitive damages is proper in a trespass action upon a showing of fraud, malice or oppressive conduct. *Indiana & Michigan Electric Co. v. Stevenson*, (1977) Ind.App., 363 N.E.2d 1254; *Moore v. Crose*, (1873) 43 Ind. 30; *Nicholson's Mobile Home Sales, Inc., v. Schramm*, (1975) Ind.App., 330 N.E.2d 785. Additionally, it is well settled that this court neither weighs the evidence nor resolves questions of credibility of the witnesses. An appellate court views the evidence most favorable to the appellee along with reasonable inferences therefrom, and if there is substantial evidence of probative value to support the decision, the decision will not be disturbed. *Shahan v. Brinegar*, (1979) Ind. App., 390 N.E.2d 1036; *Reith-Riley Construction Co. v. McCarrell*, (1975) Ind.App., 325 N.E.2d 844. We will also not disturb a damage award in the absence of a clear showing of passion, partiality or other improper motives by the fact finder. *McCarty v. Sparks*, (1979) Ind.App., 388 N.E.2d 296.

■ From a review of the record, we find that there was sufficient evidence from which the jury could have concluded that Capri acted in a wanton, oppressive or malicious manner in clearing the vegetation on the Cross land. There was evidence to the effect that Mrs. Cross told Ahr that their property line extended beyond the fence line, and that she liked the privacy afforded by that area. There was also a preliminary drawing made by Ahr in 1974 and sent to Mr. Cross which showed the Cross-Capri boundary as a straight line, with a 30 foot buffer which Cross had at one time considered purchasing to ensure his privacy. Additionally, five days before the clearing, an attempt to rezone the land was defeated in the City Council, with Mr. Cross leading the opposition. Finally, there was evidence that Capri never bothered to have the land surveyed to indicate the true boundary before it began clearing,[1] and that the property could have been accurately surveyed without destroying the dense vegetation and trees.

In light of the foregoing, we believe Capri has failed to show that the punitive damage award was based on passion or prejudice. We can only assume, therefore, that in considering the issue, the jury properly considered all the facts and reasonable inferences in a rational manner when finding that Capri was liable for punitive damages, and when making its award. Therefore, we find no error in the awarding of punitive damages nor in the amount.

---

1. The clearing was accomplished by the use of a bulldozer and a saw.

Capri also challenges as error two instructions given by the trial court regarding punitive damages. Capri contends that the trial court's instructions erroneously permitted the jury to award punitive damages based merely on grossly negligent or reckless conduct. Capri argues that the language in Instructions two and sixteen permitted the jury to anchor their punitive award on conduct of Capri that constituted less than conscious, direct or intentional acts.

 It is well settled that not all applicable principles of the law need be stated in one instruction, and that all the instructions are to be read together as a whole. *Illinois Central Gulf R. Co. v. Parks*, (1979) Ind. App., 390 N.E.2d 1073, *transfer pending*. Therefore, it follows that if the instructions when taken as a whole fairly represent the state of the law, then the instruction will be upheld. In this case, the trial court also tendered Instruction fifteen, which read:

> If you find defendants have been guilty of malicious conduct, then you may award an additional amount as punitive damages in such sum as you believe will serve to punish defendants and to deter others from like conduct.

It is evident, that when all the trial court's instructions are read as a whole, the jury was correctly instructed that in order to award punitive damages, there must be a finding that Capri acted in a malicious manner. Although Instruction two speaks in terms of "malice or gross negligence," this standard was narrowed and refined in Instruction fifteen, which instructs the jury to base an award of punitive damages on malicious conduct. Thus, we are not persuaded that the trial court prejudicially misled the jury.

Capri also contends that it was error to give Instruction sixteen because it argues that punitive damages cannot be awarded solely on the basis of a "heedless disregard of the consequences and the rights of others." In *Prudential Ins. Co., etc. v. Executive Estates*, (1977) Ind.App., 369 N.E.2d 1117, Judge Buchanan declared:

> So it seems reasonable to conclude that something more than a state of mind described as heedless disregard of the consequences is required to justify imposition of punitive damages. *The cases seem to have dealt with a state of mind demonstrating actual malice or a wantonness from which the law could imply malice.* None in Indiana have yet gone so far as to support or award punitive damages solely on the basis of a heedless disregard of the consequences, which might also be described as constructive malice.

369 N.E.2d at 1131 (emphasis ours). *Prudential*, however, distinguished two land trespass cases, in which the court spoke only in terms of a heedless disregard of the consequences. In those two cases, the trial courts found a more conscious and direct behavior in the parties actions, which was sufficient to demonstrate actual malice or wantonness. Consequently, although the court categorized the parties actions in terms of a heedless disregard of the consequences, there was in addition, behavior that evidenced a state of mind from which the law could imply malice or wantonness. *See True Temper Corp. v. Moore*, (1973) 157 Ind.App. 142, 299 N.E.2d 844; *Jones v. Hernandez*, (1970) 148 Ind.App. 17, 263 N.E.2d 759.

 In *Hendrix v. Harbelis*, (1967) 248 Ind. 619, 230 N.E.2d 315, the Indiana Supreme Court recognized that instructing the jury is a difficult and complex task, and at times there has been an overemphasis on the exact wording and refined meaning of instructions which greatly exceed its actual effect upon the jury. When an instruction must be carefully scrutinized by a legally trained mind to detect an error or slight variation in its meaning, it is difficult to believe that a jury of laymen could have been misled. Words are merely signs or symbols of meaning or thought which can never be exact. Additionally, we cannot reverse the judgment of the trial court for an error in an instruction that clearly did not effect the result. *General American Tank Car Corp. v. Melville*, (1926) 198 Ind. 529, 145 N.E. 890. Nor do we feel that it is proper to reverse the trial court on an instruction unless it is apparent that the jury was misled. Mere semantic shadings and

verbal niceties are not sufficient, absent a showing that the instruction was in fact misleading. *Denneau v. Indiana & Michigan Electric Co.*, (1971) 150 Ind.App. 615, 277 N.E.2d 8.

Although Instruction sixteen was phrased in terms of a "heedless disregard of the consequences and the rights of others," which Capri argues is not a proper standard, we do not feel that this wording was sufficiently misleading to warrant reversal of the trial court's determination. The jury could have reasonably found from the totality of the evidence presented, the more conscious and direct type of behavior that was contemplated by Judge Buchanan in *Prudential, supra,* when a court speaks in terms of "a heedless disregard of the consequences." Consequently in reviewing the record with the instructions as a whole, we find no reversible error in the wording of final Instructions two and sixteen.

As there was no error in the instructions as tendered, nor in the punitive damage award, the judgment of the trial court is affirmed.

Affirmed.

LOWDERMILK, P. J., and NEAL, J., concur.