**Duwayne [sic] CLARK d/b/a Clark Construction, Appellant–Defendant,**

v.

**CLOUD BROTHERS, INC., Appellee–Plaintiff.**

**No. 3–580A147.**

Court of Appeals of Indiana, Third District.

Sept. 22, 1980.

Gerald A. Kamm, Doran, Manion, Boynton, Kamm & Esmont, South Bend, for appellant–defendant.

Robert M. Parker, John C. Hamilton, Parker, Brunner & Hamilton, South Bend, for appellee–plaintiff.

STATON, Judge.

Cloud Brothers, Inc., (Brothers) filed an action for breach of contract against Duewaine Clark d/b/a Clark Construction (Clark). The court, without benefit of a jury, found in favor of Brothers and entered judgment in the amount of $7,311.34 plus costs.

On appeal, Clark raises basically three issues for our consideration:

(1) Was there sufficient evidence to establish a "meeting of the minds" between Brothers and Clark as to payment?

(2) Did the Statute of Frauds bar the enforcement of this contract?

(3) Was the judgment of the trial court contrary to the evidence?

We affirm.

## I.

### Sufficiency of the Evidence

Clark was a custom builder who was engaged in the business of home remodeling, reconstruction and light commercial work. He had been hired by the Singletons to reconstruct a damaged portion of their home. In the course of this reconstruction, he had sent the Singletons to Brothers, a wholesaler of furniture, appliances and carpeting so that they might order some needed items.

They selected merchandise in the amount of $7,311.34.[1] The invoices were sent directly to Clark; he added his mark–up and then billed the Singletons. They filed bankruptcy and were unable to pay part of the bill.

On appeal, Clark contends that there was insufficient evidence to show that he had agreed to pay for the items ordered by the Singletons from Brothers. He relies heavily upon the fact that he, personally, had never ordered, signed for or delivered any of the merchandise.

In reviewing a question of sufficiency of the evidence, we may look only to that

---

1. This amount included tax and installation costs.

evidence and the reasonable inferences drawn therefrom most favorable to the appellee. This Court will not weigh the evidence or judge the credibility of the witnesses for such is the function of the trial court. *Endsley v. Game–Show Placements, Ltd.* (1980), Ind.App., 401 N.E.2d 768. We cannot reverse upon the basis of conflicting evidence. *Endsley v. Game–Show Placements, Ltd., supra.* We will disturb a decision of the trial court only if there is no substantial evidence of probative value to support that decision. *Grad v. Cross* (1979), Ind.App., 395 N.E.2d 870.

■ Contracts for the sale of goods are governed by the provisions of the Uniform Commercial Code, IC 1971, 26–1–1–101 *et seq.* (Burns Code Ed.); *Gumz v. Starke Cty. Farm Bureau Co–op Ass'n* (1979), Ind., 395 N.E.2d 257. IC 1971, 26–1–2–204(1) provides:

> "A contract for sale of goods may be made in any manner sufficient to show agreement, including conduct by both parties which recognizes the existence of such a contract."

If the conduct of the parties is such that it is clear that both recognize the existence of a contract, then that is sufficient to establish the contract. *Gumz v. Starke Cty. Farm Bureau Co–op Ass'n, supra; Uniroyal, Inc. v. Chambers Gasket & Mfg. Co.* (1978), Ind.App., 380 N.E.2d 571.

■ The evidence most favorable to the judgment indicates that Clark introduced the Singletons to Brothers and told the salesman to "Give them anything they want and bill it to me." According to Mr. Singleton, the goods, selected by them, were delivered to the home site "by Mr. Clark's people," "on a large flat–bed blue truck that belongs to him."

Despite his contentions on appeal, it appears that Clark considered himself to be the purchaser of the goods in question. He acknowledged, and at no time objected to, the receipt of the invoices for the goods. He told an officer of Brothers, in reference to the unpaid Singleton bill, that "when I got my money, he would get his." Clark also included the items supplied by Brothers in the mechanics lien he filed upon the Singleton property. Perhaps most persuasive of all, however, was his billing of the Singletons for the very goods which he now claims they had purchased. Not only did he bill them, but he included a mark–up which would have constituted his profit.

Clark's conduct belied his assertion that there was no contract with Brothers. We conclude, therefore, that there is sufficient evidence to support the judgment of the trial court.

## II.

### Statute of Frauds

■ Clark next contends that because there was no written contract, the agreement was subject to the Statute of Frauds and was, therefore, unenforceable. We disagree.

Pertinent portions of IC 1971, 26–1–2–201 (Burns Code Ed.) provide:

> "(1) Except as otherwise provided in this section a contract for the sale of goods for the price of $500 or more is not enforceable by way of action or defense unless there is some writing sufficient to indicate that a contract for sale has been made between the parties and signed by the party against whom enforcement is sought or by his authorized agent or broker. . . ."
>
> \*     \*     \*     \*     \*     \*
>
> "(3) A contract which does not satisfy the requirements of subsection (1) but which is valid in other respects is enforceable
>
> \*     \*     \*     \*     \*     \*
>
> "(c) with respect to goods for which payment has been made and accepted or which have been received and accepted."

IC 1971, 26–1–2–201(3)(c) is dispositive of this question. Without a doubt, the goods ordered by the Singletons had been received and accepted by Clark, as defined by IC 1971, 26–1–2–606(1)(c). As such, the contract between the two parties was excepted from the requirements of the Statute of Frauds. *See Burger Man, Inc. v. Jordan*

*Paper Products, Inc.* (1976), Ind.App., 352 N.E.2d 821.

### III.

### Contrary to the Evidence

As previously discussed at length, the judgment of the trial court is not contrary to the evidence.

For the reasons set forth above, we affirm the judgment of the trial court.

Judgment affirmed.

GARRARD, P. J., and HOFFMAN, J., concur.