Richey Wayne **PEAVLER**, Appellant,

v.

**BOARD OF COMMISSIONERS OF MONROE COUNTY**, Appellee.

No. 1–185A15.

Court of Appeals of Indiana, First District.

May 19, 1986.

Rehearing Denied July 8, 1986.

James R. Fisher, Robert B. Clemens, Ice, Miller, Donadio & Ryan, Indianapolis, for appellant.

Michael C. Cook, Dale W. Eikenberry, Wooden, McLaughlin & Sterner, Indianapolis, Thomas J. Lantz, Montgomery, Elsner & Pardieck, Seymour, for appellee.

RATLIFF, Judge.

## STATEMENT OF THE CASE

Richey Wayne Peavler appeals a negative judgment entered on a jury verdict in his suit against the Board of Commissioners of Monroe County alleging negligence in the failure to place or maintain a curve warning sign, and/or reduced speed limit or advisory speed limit sign on a portion of a county road. We reverse and remand.

## FACTS

On July 17, 1982, Richey Wayne Peavler (Peavler) and various friends attended a party at the residence of Brad Owen (Brad) in Bloomington, Indiana. Most people in attendance drank several beers. In the early morning hours of July 18, 1982, some of the revelers traveled to Griffey Reservoir to swim. Peavler rode in Brent Owen's (Brent) car, intending to return with two other friends, Jeff and Dave. Peavler testified he did not feel intoxicated nor did anyone have any apparent trouble driving to the reservoir.

There were other groups of young people swimming at the reservoir that morning. Sometime before their departure, an altercation arose between Brent and a young man named Donald LeGroux (LeGroux). Brent apparently received several blows to the head during the scuffle. However, evidence at trial conflicted as to whether Peavler was aware of the fight or the injuries Brent sustained. Upon returning to the parking area, Peavler discovered that Jeff and Dave already had departed and so Peavler climbed into the front passenger seat of Brent's car. Brent put his car in gear and backed into LeGroux's vehicle. Brent then quickly headed north on Hinkle Road, with LeGroux in pursuit. Hinkle Road is a winding, hilly, curving road lacking a clear zone. Peavler and Brad both asked Brent to slow down as he drove. Brent testified that he went through a series of curves and was aware of a sharp curve still ahead because he had traveled Hinkle Road on six to eight prior occasions over the preceding two years. As the car went into the curve in question, Brent remembered hitting his brakes and not removing his foot from the brake pedal. The car left the road and crashed in the surrounding trees and foliage. At the time of the accident Brent had a blood alcohol level of .186% and Peavler's blood alcohol level was .105%. Peavler suf-

fered a broken neck and, as a result of the accident, is now a quadriplegic.

On April 4, 1983, Peavler filed suit in Monroe Circuit Court against the Board of Commissioners of Monroe County (the County) alleging that the County failed to place or maintain curve warning signs, reduced speed limit signs and/or advisory speed limit signs on the particular portion of Hinkle Road. The cause was venued to Jackson County. At trial, there was conflicting testimony as to whether Brent had ever seen, on previous occasions, a curve warning sign near the curve in question or anywhere else on Hinkle Road. Evidence indicated there was a curve warning sign and a thirty mile per hour sign posted on the southbound side of Hinkle Road but not on the northbound section in question. There was also conflicting testimony regarding the County's policy in placing signs and whether it was common to post a speed limit sign on one side of a road but not the other side. There was also testimony that the curve was unreasonably dangerous because it was an unmarked, compound curve with improper banking in the northbound lane of travel. On October 22, 1984, the jury returned a verdict for the County. Thereafter, Peavler perfected this appeal.

## ISSUE

Appellant presents fifteen issues for review. However, our resolution of one of these issues is dispositive of this appeal:

1. Whether the trial court erred in giving the County's Instruction No. 2, as modified, which directed the jury that any duty on the part of the County to post a curve warning sign for northbound traffic on Hinkle Road at the curve where the accident occurred was wholly discretionary.

## DISCUSSION AND DECISION

 As a general rule, instructions must be construed as a whole. *Grad v. Cross* (1979), 182 Ind.App. 611, 614, 395 N.E.2d 870, 873; *Board of Comm'rs of Delaware County v. Briggs* (1975), 167 Ind.App. 96, 116, 337 N.E.2d 852, 866, *on*

*rehearing* (1976), 167 Ind.App. 96, 340 N.E.2d 373, *trans. denied.* We must note, however, that an erroneous instruction is presumed to have influenced the result in a trial unless it appears that the verdict could not have been different under proper instructions. *Zimmerman v. Moore* (1982), Ind.App., 441 N.E.2d 690, 693. Stated differently, it is assumed that an instruction that misstates the law has influenced the result at trial unless the evidence or record demonstrates that the verdict, under a proper instruction, could not have been different. *Zimmerman*, at 693. Furthermore, giving a bad instruction is not cured by giving a correct instruction. *Id.* The giving of an erroneous instruction is grounds for reversal only where the jury's verdict could have been based upon the instruction and this court will look to see if the appellant has demonstrated harm. *Id.* In determining whether the jury was misled we examine the evidence and record to determine if under proper instructions the verdict could have been different. *Spratt v. Alsup* (1984), Ind.App., 468 N.E.2d 1059, 1063, *trans. denied; Zimmerman*, at 693.

 It is well settled that the state has a general duty to exercise reasonable care in the design, construction, maintenance, and repair of its highways for the safety of the public. *State v. Magnuson* (1986), Ind.App., 488 N.E.2d 743, 747, *trans. pending; State v. Willian* (1981), Ind.App., 423 N.E.2d 668, 670; *State v. Thompson* (1979), 179 Ind.App. 227, 235, 385 N.E.2d 198, 205, *trans denied; Elliott v. State* (1976), 168 Ind.App. 210, 213, 342 N.E.2d 674, 677, *trans. denied; Board of Comm'rs of Delaware County v. Briggs* (1975), 167 Ind.App. 96, 130, 337 N.E.2d 852, 873, *on rehearing* (1976), 167 Ind.App. 96, 340 N.E.2d 373, *trans. denied.* Counties and municipalities have the same duty of care over roads within their control. *Briggs* (1975), 167 Ind.App. 96, 337 N.E.2d 852. The state or county is held to that standard of care which would be exercised by an ordinary prudent person under the circumstances. *Magnuson*, at 747; *Elliott*, 168 Ind.App. at 213, 342 N.E.2d at

677. Of course, before liability can be imposed, the state must have actual or constructive knowledge of the dangerous condition. *Willian,* at 670; *Briggs,* at 130, 337 N.E.2d at 873.

Where potentially dangerous conditions exist on roadways, traffic signs are sometimes employed to assist motorists in safely traveling those roadways. The placement of various signs depends on the particular duty owed by the state, county or municipal entity to its citizens. Inherent in determining this duty is the question whether the act is discretionary or ministerial. The long-standing distinction between discretionary or ministerial functions is found in *Adams v. Schneider* (1919), 71 Ind.App. 249, 124 N.E. 718:

> "A duty is discretionary when it involves on the part of the officer to determine whether or not he should perform a certain act, and, if so, in what particular way, and, in the absence of corrupt motives in the exercise of such discretion he is not liable. His duties, however, in the performance of the act, after he has once determined that it shall be done, are ministerial, and for negligence in such performance, which results in injury, he may be liable in damages."

*Adams,* at 255–56, 124 N.E. at 720. Several opinions of this court provide guidance in determining whether placement of a traffic sign is a discretionary or ministerial duty.

■■■ This court has already determined that the decision whether or not to place certain *traffic control signs* at particular locations is discretionary. *City of Tell City v. Noble* (1986), Ind.App., 489 N.E.2d 958, 964, *reh. pending.*[1] However, once a traffic control or regulatory sign is placed at a location the essential legal character of the county's liability becomes ministerial thereby creating a duty on the part of the county to reasonably maintain those signs it has determined should be posted. *Harvey v. Board of Comm'rs of Wabash*

*County* (1981), Ind.App., 416 N.E. 1296, 1300; *Briggs,* at 131, 337 N.E.2d at 874. In *Tell City* the majority decided that the city's decision whether to erect a stop sign or yield sign was a discretionary act immune under Indiana's Tort Claims Act.[2] As noted in the concurrence, however, the installation of *warning signs* at dangerous locations may be a ministerial act. *Tell City,* at 965; *State v. Magnuson* (1986), Ind.App., 488 N.E.2d 743; *State v. Willian* (1981), Ind.App., 423 N.E.2d 668. To reiterate, in *Magnuson* we held that while the decision to widen a highway was discretionary the installation of signs or devices to warn of a culvert protruding into the lane of travel was ministerial. In *Willian,* we found that the absence of "slippery when wet" signs in an area that had been repaired was proper evidence supporting a finding of negligence in the design, construction, or maintenance of the highway. *Willian,* at 673. Therefore, it has been held that where a portion of a roadway is shown to be inherently dangerous, the duty to post proper warning signs becomes ministerial in nature. Moreover, the mere placement of a warning sign does not preclude a finding of negligence. As previously noted, the state still has a general duty to exercise reasonable care in designing, constructing, and maintaining its highways. *State v. Magnuson* (1986), Ind. App., 448 N.E.2d 743; *State v. Willian* (1981), Ind.App., 423 N.E.2d 668; *State v. Thompson* (1979), 179 Ind.App. 227, 385 N.E.2d 198, *trans. denied; Elliott v. State* (1976), 168 Ind.App. 210, 342 N.E.2d 674, *trans. denied.* To further distinguish, *Tell City* involved the placement of a stop sign which is a legislative action, the enforcement of which is penal in nature. As a legislative action that duty is clearly discretionary. Here, however, we are concerned not with the placement of traffic control signs involving penalties, but with the possible duty to post advisory or warning

---

**1.** For a thorough discussion of discretionary and ministerial acts and the immunity granted to local governments in determining whether or not to erect traffic control devices, *see City of* *Tell City v. Noble* (1986), Ind.App., 489 N.E.2d 958 (*reh. pending*).

**2.** Indiana Code section 34–4–16.5–3(6, 7) (Burns Supp.1985).

signs informing motorists of allegedly dangerous conditions. Moreover, the County concedes that there may be a duty to post warning signs where inherently dangerous road conditions exist. Brief for Appellee, at 11.

 Hence, we find that the trial court erred in instructing the jury that any duty on the part of the County to place a warning sign on Hinkle Road near the area in question was discretionary. As noted above, under certain circumstances the placement of warning signs may be ministerial. Consequently, the trial court's instruction invaded the province of the jury. We make no suggestion as to whether the decision of the County here was discretionary or ministerial. That is an issue for the jury to decide. However, we find that the jury's verdict could have been based upon the erroneous instruction. Moreover, a correct instruction may have rendered a different verdict. Therefore, Peavler has demonstrated the necessary harm warranting reversal.

 The County further argues that Peavler failed to preserve any error with regard to the instruction at issue because Peavler did not properly object to the instruction at trial or tender a proper instruction on the matter. As the County correctly points out, objections to instructions must be specific. *Dettman v. Sumner* (1985), Ind.App., 474 N.E.2d 100, 106; Indiana Rules of Procedure, Trial Rule 51(C). We find that Peavler's objection to Instruction No. 2 sufficiently preserved the error for review.

Failure to tender an instruction on a particular point waives the right to object to that point not being covered. *Anderson v. Taylor* (1972), 154 Ind.App. 217, 222, 289 N.E.2d 781, 785. Conversely, a trial court commits reversible error when it refuses to give a tendered instruction that is a correct statement of the law, is applicable to the facts of the case, and is not adequately covered by the other instructions which are given. *Southern Indiana Gas & Electric Co. v. Steinmetz* (1977), 177 Ind.App. 96, 99, 377 N.E.2d 1381, 1383, *trans. denied.*

In the present case, Peavler's tendered Instruction No. 2 stated:

"It is the duty of the Board of Commissioners of Monroe County to exercise reasonable care in the ~~construction,~~ repair and maintenance of roads within its jurisdiction so as to keep them in a condition that is reasonably safe for use by motorists. ~~This duty is not a discretionary function for which the Board of Commissioners is statutorily immune from liability.~~ The Board of Commissioners may be held liable if the breach of this duty is a proximate cause of Plaintiff's injuries."

Record, at 420.

This instruction was given as modified by the trial court. While the instruction might have been drafted in a better manner, it was a correct statement of law and was sufficient, as tendered, to preserve error on appeal. Therefore, the County's assertions that Peavler failed to preserve any error with regard to the erroneous instruction given by the court is without merit.

We therefore reverse and remand for a new trial in accordance with this opinion.

ROBERTSON, P.J., concurs.

NEAL, J., dissents with separate opinion.

NEAL, Judge, dissenting.

I respectfully dissent. In *City of Tell City v. Noble* (1986), Ind.App., 489 N.E.2d 958 we held that a city is immune from liability for tort under IND.CODE 34-4-16.5-3(6) and (7) of the Tort Claims Act for failure to erect a STOP sign at an intersection because such an act is discretionary and legislative. Our opinion was based upon the statutory scheme contained in IND.CODE 9-4, the uniform act regulating traffic on highways. In that act, traffic control devices consist of all signs and marking devices placed or erected by authority of a public body, or other officials having jurisdiction, for the purpose of regulating, *warning* and guiding traffic. Such authority to erect traffic control devices could be exercised by the public body

or the commissioners only by ordinance after traffic surveys and studies are concluded. Because the grant of power to the local legislative body is preceded by the word "may", the exercise thereof was discretionary.

The majority attempts to distinguish between regulatory signs, i.e., stop signs, and warning signs. The power to erect any kind of a traffic control device, including warning signs, upon a public highway must be exercised by the local legislative body by ordinance, which is a discretionary act. No such distinction exists.

I would affirm the trial court's judgment.