WILLIAM R. KOONCE, SR., AS PERSONAL REPRESENTATIVE OF THE ESTATE OF JOSEPH O. KOONCE, DECEASED v. CITY OF EVANSVILLE, INDIANA.

[No. 1-174A10. Filed April 2, 1975.]

540

*F. Wendell Lensing*, of Evansville, for appellant.

*John C. Cox, Timothy R. Dodd, Cox, Schroeder, Dodd, Mitchell & Terry*, of Evansville, for appellee.

LYBROOK, J.—Plaintiff-appellant William R. Koonce, Sr., initiated this action against defendant-appellee City of Evansville seeking damages for the alleged wrongful death of Joseph O. Koonce. IC 1971, 34-1-1-2. (Burns Code Ed.). Trial by jury resulted in a verdict in favor of defendant City. From the entry of judgment on the verdict, Koonce appeals.

Plaintiff's decedent died as the result of injuries sustained when the automobile in which he was a passenger struck a telephone pole after the driver failed to negotiate a curve in a city street. Plaintiff claimed that the accident resulted from the alleged negligence of the city in allowing gravel to accumulate on the paved portion of the street.

The following issues are presented for review in this appeal:

(1) Whether the trial court erred in disallowing appellant's challenge for cause of certain prospective jurors.

(2) Whether the trial court erred in refusing certain of appellant's tendered instructions.

I.

Of the twelve prospective jurors examined on *voir dire*, appellant challenged six for cause on the ground that as owners of real estate in the City of Evansville and, hence, taxpayers, they were interested persons. Said challenge was disallowed by the trial court. Thereupon, appellant peremptorily excused three of the challenged jurors. Appellee then peremptorily excused three other prospective jurors, including one of the three remaining persons challenged by appellant.

The two remaining challenged jurors were included among the six persons impanelled and sworn to try the cause.

Appellant argues that the trial court erred in disallowing his challenges. However, the alleged error, if any, must be deemed waived due to appellant's failure to exhaust his peremptory challenges. *Sutton* v. *State* (1957), 237 Ind. 305, 145 N.E.2d 425; *Evansville and Southern Indiana Traction Co.* v. *Johnson* (1912), 54 Ind. App. 601, 97 N.E. 176. The record reveals that appellant used only three of his six peremptory challenges. See, IC 1971, 34-1-20-7 (Burns Code Ed.). He therefore had at his disposal the means to remove the two remaining jurors of which he now complains.

## II.

Appellant next assigns as error the trial court's refusal to give Plaintiff's Instructions Nos. 2, 4, 10, 12 and 13. For reasons which hereinafter follow, we find that no reversible error has been demonstrated.

Plaintiff's Instruction No. 2 stated the proposition that the duty of a city to maintain its streets in a reasonably safe condition is not limtied to travelled portions, but extends to dangerous places near such travelled portions. In the case at bar, however, the issues were confined to a determination of the alleged negligence of the city in failing to properly maintain the travelled portion of the street in question. The trial court did not err in refusing the instruction since it went beyond the scope of the issues being tried. See, *Northern Indiana Public Service Co.* v. *Otis* (1969), 145 Ind. App. 159, 250 N.E.2d 378.

Plaintiff's Instruction No. 4 was an attempt to inform the jury that the city had a duty to use "active vigilance" in monitoring the condition of its streets and to further state the law with respect to charging the city with knowledge. We question the unqualified use of the term "active vigilance." The established principle in this jurisdiction is that municipal corporations are bound to exer-

cise reasonable care and diligence to keep streets and sidewalks in reasonably safe condition for travel. *City of South Bend* v. *Fink* (1966), 139 Ind. App. 282, 219 N.E.2d 441; *Ewald* v. *City of South Bend* (1938), 104 Ind. App. 679, 12 N.E.2d 995. We concede that the term "active vigilance" is to be found in certain older decisions. See, *City of Linton* v. *Jones* (1921), 75 Ind. App. 320, 130 N.E. 541; *City of Fort Wayne* v. *Patterson* (1891), 3 Ind. App. 34, 29 N.E. 167. Further, in *City of South Bend* v. *Fink, supra,* appellant's challenge to a given instruction using the term was not successful. However, the court declined to address the merits of the challenge. Rather, it held that under the evidentiary circumstances of the case and in light of other instructions given, any error in the use of the term was not reversible. In our opinion, the unqualified use of the term "active vigilance" in the tendered instruction in the case at bar could have misled the jury to believe that the city's duty of care was greater than that found in the more recent decisions of this court, being, the exercise of reasonable care and diligence. Further, we find that the jury was adequately informed as to the city's duty of care through other instructions which were given. See, *Richmond Gas Corp.* v. *Reeves* (1973), 158 Ind. App. 338, 302 N.E.2d 795.

By his tendered Instruction No. 10, plaintiff sought to inform the jury that the emancipation of a child does not as a matter of law constitute a waiver by the parent next of kin of the right to damages under the wrongful death statute. While the instruction appears to be a correct statement of the law, *Public Service Co.* v. *Tackett* (1943), 113 Ind. App. 307, 47 N.E.2d 851, we find that its subject matter is sufficiently covered by Plaintiff's Instruction No. 14, Defendant's Instruction No. 10, and Court's Instruction No. 11 which were given.

Plaintiff's Instruction No. 12 quoted that portion of Indiana laws of descent and distribution governing the disposition of the net estate of an intestate leaving no surviving spouse

or issue. Plaintiff's Instruction No. 13 quoted a portion of the wrongful death statute identifying the persons to whose benefit damages inure. We find no error in the refusal of these instructions since the jury was otherwise adequately instructed as to the appropriate persons who might claim damages in the instant action.

Appellant in his brief has expressly waived argument on the alleged error in the trial court's refusal to give one other of his tendered instructions and the alleged error in giving certain of defendant's tendered instructions.

No reversible error having been demonstrated, the judgment of the trial court must be and is hereby affirmed.

Affirmed.

Robertson, C.J. and Lowdermilk, J., concur.