Douglas A. WALTON, and Regina M. Walton, Appellants (Plaintiffs Below),

v.

James RAMP, Renetta Ramp, Decatur County Board of Commissioners, Appellees (Defendants Below).

No. 1–480A77.

Court of Appeals of Indiana, First District.

July 29, 1980.

Dennis E. Harrold, Soshnick, Bate & Harrold, Shelbyville, Phillips B. Johnson, Johnson & Eaton, Versailles, for appellants.

James K. Wheeler, Locke, Reynolds, Boyd & Weisell, Indianapolis, for appellees.

ROBERTSON, Presiding Judge.

Plaintiffs-Appellants, Douglas A. Walton and Regina M. Walton (Walton), appeal a summary judgment granted to the Defendant-Appellee, Decatur County Board of Commissioners (County).[1] The lawsuit arose out of an automobile accident in which Douglas A. Walton's automobile went off the road allegedly because of an icy slick spot in the road maintained by the County. The Waltons allege in their complaint that the spot was caused artificially by the co-defendant adjacent landowners, James and Fernetta Ramp, allowing water to spill off their property. The Waltons also allege in their complaint that the County was guilty of negligence in: (1) failure to remove the ice; (2) failure to restrain the Ramps from pouring water on the highway;

---

1. The Motion submitted to the court was a motion for judgment on the pleadings. However, the trial court apparently treated the motion as one for summary judgment, as evidenced by his finding of no genuine issue of material fact.

(3) failure to warn travelers of the icy spot; (4) failure to barricade the spot; and (5) permitting the icy slick spot to remain on the highway so as to constitute a hazard.

We reverse.

■ The standard of review in a summary judgment case is that it is appropriate where there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Ind. Rules of Procedure, Trial Rule 56(C).

■ In a motion for summary judgment, the burden is upon the moving party to establish that no material facts are in genuine issue and any doubt as to the existence of a genuine issue of a material fact must be resolved against the moving party. *Hale v. Peabody Coal Co.*, (1976) Ind.App., 343 N.E.2d 316. Thus, for purposes of determining whether to grant the motion, the facts set forth in the non-moving party's affidavits are taken as true, and the products of discovery are liberally construed in his favor. *Hale, id.* Also, even if the facts are not in dispute, summary judgment is not appropriate when the information before the court reveals a good faith dispute as to the inferences to be drawn from those facts. *Hale, id.*

In this case, the trial court essentially found under the facts alleged in the complaint that the County was immune from liability under the Tort Claims Act. The trial court found in particular that the icy highway was a temporary condition resulting from weather, which is one of the specific immunities found in *Ind. Code* 34–4–16.5–3.

■ The law in Indiana is well established that a governmental entity is bound to exercise reasonable care and diligence to keep its streets and sidewalks in a reasonably safe condition for travel. *Koonce v. City of Evansville*, (1975) 163 Ind.App. 539, 325 N.E.2d 220. This is a common law duty. *Galbreath v. City of Indianapolis*, (1970) 253 Ind. 472, 255 N.E.2d 225. Under the common law, a governmental entity is not liable for injuries caused by defects in its streets and sidewalks due to natural accumulation of snow and ice. *City of Southbend v. Fink*, (1966) 139 Ind.App. 282, 219 N.E.2d 441. In examining the immunity statute, we think the Tort Claims Act is little more than a codification of the common law in this area. At the least, we can say the immunity statute does not abrogate the common law duty stated above.

■ We hardly think that, taking the facts and inferences most favorable to the Waltons, the disposing of water by an adjacent landowner onto the highway, causing an icy slick spot when it is cold, is a natural accumulation or a temporary condition resulting from the weather. As alleged, it is a recurring danger resulting from more than just the weather. At minimum, this is a factual controversy to be considered by the factfinder.

We deem it necessary to consider the fact that the Waltons allege that it is the co-defendants that are causing the water to spill onto the highway with the danger of ice forming. We quote 19 E. McQuillin, The Law of Municipal Corporations, § 54.43 (1967 Rev.3d Ed. J. Dray) on the subject:

The fact that the defect or obstruction in a street is the result of an act of a third person, other than representatives or employees of the municipality, does not relieve the municipality from liability therefor. The law is settled that where the duty is imposed by statute or charter upon municipal corporations to use ordinary care to keep their public ways in a reasonably safe condition for travel, or where the obligation is recognized by law, the fact that the defect, obstruction or danger in such ways, resulting in injury, was due to the act or omission of a third person does not necessarily relieve the municipality of liability therefor; and this is so regardless of the want of consent of the municipality, or the possibility that third persons themselves may be liable. However, the municipality must have had actual knowledge of the defective condition, or was chargeable with notice thereof by lapse of time or otherwise, before the accident.

Where the defect is caused by a third person, the negligence for which the municipality is liable is not the creation of the defect, but instead the negligence in failing to remove or guard the defect after actual or constructive notice thereof. [Citations omitted.]

We reverse and remand for further proceedings not inconsistent with this opinion.

NEAL and RATLIFF, JJ., concur.