COUNTY OF LAPORTE, Laporte County Commissioners, Laporte County Highway Department and Laporte County Police Department, Appellants (Defendants Below),

v.

Arthur JAMES and Margaret James, Appellees (Plaintiffs Below).

No. 64A03-8603-CV-96.

Court of Appeals of Indiana, Third District.

Aug. 28, 1986.

Mark A. Lienhoop, Martin W. Kus, Newby, Lewis, Kaminski & Jones, LaPorte, for appellants.

Gary D. Davis, LaPorte, for appellees.

HOFFMAN, Judge.

This is an appeal from the denial of a summary judgment sought by the defendants/appellants LaPorte County, LaPorte County Commissioners, LaPorte County Highway Department and LaPorte County Police Department collectively referred to as LaPorte County or the County.

Arthur James filed a complaint against the County alleging that he was injured due to the failure of the County to maintain and keep in proper repair a county road which failure resulted in an accident when James' vehicle hit a large hole and left the roadway. James sued for damages for personal injury, property damage and loss of use of his vehicle. His wife sued for loss of services.

The County filed a motion for summary judgment asserting immunity from liability pursuant to the Tort Claims Act, IND. CODE § 34-4-16.5-3 (1983). The trial court denied the motion and certified the interlocutory order for appeal. As restated the County presents two issues for review:

(1) whether the defendant governmental entities are immune from liability for injuries pursuant to the Tort Claims Act because the hole in the roadbed was a temporary condition resulting from the weather and/or because the repair of such roadbeds is a discretionary function; and

(2) whether there were insufficient allegations of negligence to withstand a summary judgment motion.

The Tort Claims Act provides in pertinent part:

"Sec. 3. A governmental entity or an employee acting within the scope of his

employment is not liable if a loss results from:

\* \* \* \* \* \*

(3) the temporary condition of a public thoroughfare which results from weather;

\* \* \* \* \* \*

(6) the performance of a discretionary function[.]"

The issue for our determination, because this is an appeal from a denial of summary judgment, is whether, as a matter of law, the action of the County in maintaining and repairing a county road is within one of these sections of the Tort Claims Act and the County is therefore immune from liability.

■ In *State v. Magnuson* (1986), Ind. App., 488 N.E.2d 743, the State argued, as the County argues here, that the exercise of judgment by a highway department employee is a discretionary function similar to that of policemen investigating a crime or firemen fighting a fire. The *Magnuson* Court stated:

"We believe that the rationale of *Mills v. American Playground Device Co.*, (1980), Ind.App., 405 N.E.2d 621, which relies upon the *Adams [v. Schneider,* (1919) 71 Ind.App. 249, 124 N.E. 718], *supra,* definitions is controlling in this appeal. In *Mills, supra,* it was held, in substance, that the decision to build a playground was discretionary and the installation and maintenance of the playground equipment was ministerial. In a like manner and under the facts of this case, we are of the opinion that the decision to widen the highway in question was discretionary and the installation of signs or devices to warn of the protrusion of the culvert into the travel lane was a ministerial act."

*Id.,* 488 N.E.2d at 747.

Following the rationale of *Magnuson* and the cases cited therein, the decision to construct a county road is a discretionary function for which the governmental entity is immune from liability. However, the installation and continuing maintenance are ministerial functions for which the governmental entity may be held liable for negligence. *Magnuson, supra; Mills v. American Playground Device Co.* (1980), Ind. App., 405 N.E.2d 621, 626, *reh. denied,* 427 N.E.2d 1130 (1981). Thus the County is not immune from liability pursuant to the discretionary acts subsection of the Tort Claims Act, IND.CODE § 34–4–16.5–3(6). Such a determination is consistent with the abundant case law which has repeatedly stated the rule that the governmental entities do not enjoy the protection of sovereign immunity for the repair and maintenance of their roadways. Therefore if there is negligence in the discharge of these responsibilities, liability may be imposed. *Magnuson, supra; State v. Thompson* (1979), 179 Ind.App. 227, 385 N.E.2d 198, *trans. denied; Bd. of Comm'rs. v. Briggs* (1975), 167 Ind.App. 96, 337 N.E.2d 852, *reh. denied,* 167 Ind. App. 96, 340 N.E.2d 373, *trans. denied* (1976); *Davis v. Bd. Commr's. Monroe Co.* (1971), 149 Ind.App. 451, 273 N.E.2d 551.

However, the County claims immunity from liability because the hole in the roadbed was a temporary condition of a public thoroughfare resulting from weather. The County asserts the hole was caused by the freeze/thaw cycle of the season and is therefore a temporary condition resulting from weather. The County relies on *Board of County Com'rs v. Arick* (1985), Ind.App., 477 N.E.2d 112, *reh. denied, trans. denied,* to support this assertion.

As applicable to this case, the *Arick* Court found the trial court had erred by refusing a tendered instruction which placed before the jury the possibility of State immunity pursuant to the Tort Claims Act. The instruction was appropriate as there was evidence that the malfunction of the traffic light could have been caused by a bolt of lightning or by water. Therefore the instruction setting forth the sovereign immunity provisions relating to the temporary condition of a thoroughfare resulting from weather was erroneously rejected.

Of relevance also is the case of *Walton v. Ramp* (1980), Ind.App., 407 N.E.2d 1189. This Court stated when reversing the grant of summary judgment in favor of the defendant county:

"We hardly think that, taking the facts and inferences most favorable to the Waltons, the disposing of water by an adjacent landowner onto the highway, causing an icy slick spot when it is cold, is a natural accumulation or a temporary condition resulting from the weather. As alleged, it is a recurring danger resulting from more than just the weather. At minimum, this is a factual controversy to be considered by the factfinder." *Id.*, 407 N.E.2d at 1191.

■ Considering both *Arick* and *Walton*, the trial court was correct in denying the County's motion as based on a temporary condition caused by weather. There is evidence presented by the County which would warrant consideration of whether the hole was a temporary condition resulting from weather. As in *Arick* and *Walton* there is a factual issue presented for the factfinder's consideration rather than a situation subject to summary judgment.

In reviewing a denial of summary judgment the appellate court applies the same standard as the trial court. *City of Hammond v. Cataldi* (1983), Ind.App., 449 N.E.2d 1184. Based on the information before the court at the time the motion is heard, a summary judgment should not be granted if there exist issues of material fact or disputes as to inferences to be drawn from undisputed facts. *Walton, supra.* Here, the basic premise upon which the County bases its motion is in itself an inference which is in dispute. The County submitted documentation as to repair of Johnson Road, the road on which the accident occurred, on the day prior to the accident. County asserts this fact of repair leads to the conclusion of diligent repair by the County and therefore weather related cause of the hole. In fact, the repair of the road, if indeed including the area of the accident, the day prior to the accident could lead to the inference of negligent repair

which is the allegation made by the Jameses. The resolution of conflicting inferences is necessary to the determination of a material issue, the immunity or non-immunity of the County, and a summary judgment is therefore inappropriate in this case. *See: Cataldi, supra.*

■ The County also asserts the denial of the summary judgment was erroneous in that the Jameses did not offer sufficient admissible evidence of negligence in response to the County's motion. The County sought a summary judgment. The threshold burden was on the County as the movant to demonstrate a lack of issue of material facts. Ind.Rules of Procedure, Trial Rule 56(C). *Jones v. City of Logansport* (1982), Ind.App., 436 N.E.2d 1138. The County did not meet this requirement since, as addressed above, the facts presented as undisputed can lead to different inferences. The motion was therefore properly denied for failure to demonstrate a lack of genuine issue of material fact. T.R. 56(C).

The denial of the summary judgment is affirmed.

STATON, P.J., and GARRARD, J., concur.